IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

BRIDGETTE A. TURNER,
ADC #706745                                                                                                 PLAINTIFF

v.                                          1:06CV00058JLH/HLJ

MS. DOUGLAS                                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Turner, a state inmate incarcerated at the Hawkins Women's Unit of the Arkansas Department of Correction (ADC), has been granted leave to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983. In her complaint, plaintiff alleges that defendant Douglas, an employee of the Unit mail room, gave plaintiff legal mail from this Court on April 26, 2006, which was already opened. In addition, plaintiff alleges that on June 9, 2006, another mail room employee returned to plaintiff legal mail which she had attempted to send, because it was wrongly addressed, and that mail was also opened. Plaintiff asks for compensation for mental and emotional stress, and that defendant's job be terminated.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915(b)(1),(2), the Court is required to screen complaints (and amended complaints) seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. The test for determining

if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim. The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Neitzke v. Williams, 490 U.S. § 319 (1989). In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds that it must be dismissed for failure to state a claim. In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In Bounds v. Smith, 97 S.Ct. 1491, 1498 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the court requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." This right of access was further defined by the court in Lewis v. Casey, 518 U.S. 343 (1996), where the court stated that an inmate alleging a denial of this constitutional right must show "actual injury." To state a valid § 1983 claim due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded her access to the court or prejudiced an existing action. Id .at 349.

In this particular case, however, plaintiff does not allege that she suffered any injury as a result of defendant's alleged action in opening her legal mail. Plaintiff does not allege that defendant Douglas or any other mail room employee tampered with any of the documents or that plaintiff missed a court deadline or otherwise was injured by the opening of the mail. In fact, plaintiff does not allege

any injury in the grievance forms she filed as a result of the incidents, which are attached to her complaint. In those forms, she said she was "hurt by this unprofessional behavior by the mail room....this isn't exceptable (sic) and is against Federal laws! And ADC policy." Any attempt by plaintiff to also allege that defendant's actions violate § 1983 because they violated ADC policy, also must fail, because "the Due Process Clause does not federalize state-law procedural requirements." Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996).

In light of plaintiff's failure to allege the elements of a First Amendment claim, such as that she suffered any injury as a result of the defendant's alleged actions, the Court finds that plaintiff's complaint should be dismissed, with prejudice. Accordingly,

IT IS, THEREFORE, ORDERED that pursuant to 28 U.S.C. §1915A(b)(1) and 42 U.S.C. § 1997e(a), plaintiff's complaint against defendant is DISMISSED for failure to state a claim, and that this dismissal constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g).

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any in forma pauperis appeal taken from an Order and Judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 21st day of December, 2006.

_Henry L. Jones, Jr._
_____
United States Magistrate Judge